Sosman, J.
Plaintiff Phyllis Schmidt has brought the present action pursuant to G.L.c. 30A, §14 seeking review of a decision by the State Retirement Board denying her request for Group 2 classification for purposes of her early retirement. For the following reasons, the agency’s decision is AFFIRMED.
Facts and Prior Proceedings
Phyllis Schmidt was born on October 3, 1939. In 1967, she was employed by the Commonwealth at the Gaebler Children’s Center. In 1988, she transferred to the Westborough State Hospital. At the hospital, she held the position of Clinical Social Worker II, working on a locked ward and providing direct care to mentally ill patients. Her job duties at the hospital classified Schmidt as a Group 2 employee as defined in G.L.c. 32, §3(2)(g).
On May 2, 1992, at age 52, Schmidt applied for voluntary retirement seeking to retire effective July 1, 1992. She also sought an early retirement bonus pursuant to Chapter 22 of the Acts of 1992, the Early Retirement Incentive Act. Plaintiff claimed that the Act allowed her to retire with benefits at the Group 2 level.
On May 14, 1992, the State Retirement Board notified Schmidt that she would not be eligible to retire with Group 2 benefits since she would not have reached age 55 by the effective date of her retirement. G.L.c. 32, §10(1). She would be eligible to retire with Group 1 benefits, enhanced by an additional five years as provided by the Early Retirement Incentive Program.
Plaintiff appealed the State Retirement Board’s decision to the Contributory Retirement Appeal Board (CRAB). On November 15, 1993, the Administrative Magistrate issued a decision affirming the State Retirement Board. On March 21, 1994, CRAB issued its final decision, adopting the Administrative Magistrate’s findings and affirming the State Retirement Board’s decision. The present G.L.c. 30A, §14 petition for judicial review followed.
Discussion
Plaintiffs appeal centers on an issue of statutory interpretation affecting the calculation of the retirement allowance to which she is entitled. Although statutory interpretation presents a pure question of law, an agency’s consistent interpretation of a complex and technical statutory scheme is still entitled to some deference. Even in the absence of such deference, the Court is satisfied that the interpretation given by the State Retirement Board and CRAB is the correct interpretation.
Pursuant to G.L.c. 32, §10(1), a Group 2 employee who retires before age 55 will have a retirement allowance equal to that of a Group 1 employee. Thus, in order to obtain the higher benefits to which a Group 2 employee would normally be entitled, plaintiff would have to reach age 55 before the effective date of her retirement. Although a Group 2 employee in terms of her duties, retirement at less than age 55 reduces her benefits to the level of a Group 1 employee.
In April 1992, the legislature passed and the governor approved a program providing incentives for state employees to retire early (the “Early Retirement Incentive Act”). Chapter 22, Acts of 1992. The Early Retirement Incentive Act provides as follows:
[I]n order to be deemed eligible by said board for any of the benefits options under the retirement incentive program, an employee (i) shall be an employee of the commonwealth on the effective date of this act . . . (ii) shall be classified in Group 1 or Group 2 of said retirement system in accordance with [G.L.c. 32, §3(2)(g)]; (iii) shall be eligible to receive a superannuation retirement allowance in accordance with [G.L.c. 32, §5(1)] or [G.L.c. 32, §10(1)] *246 upon the date of retirement requested in his written application for retirement with said board; (iv) shall have filed such written application with said board
Plaintiff meets these eligibility criteria for early retirement benefits. She was an employee on the effective date of the Early Retirement Incentive Act, she was classified as a Group 2 employee, she was entitled to receive a retirement allowance under G.L.c. 32, §10(1), and she filed her written application in accordance with the Act’s requirements.
Under the incentive program, an eligible employee shall request and receive “a combination of years of creditable service and years of age, the sum of which shall not be greater than five years, for the purpose of determining his superannuation allowance pursuant to the provisions of [G.L.c. 32, §5(2)(a)].” Thus, an eligible employee gets credited with an additional five years in calculating the amount of benefits to be paid under §5(2)(a).
In plaintiffs case, the State Retirement Board determined that she was eligible for early retirement, but that her age at the time of retirement limited her allowance to that of a Group 1 employee. G.L.c. 32, §10(1). To that amount, the Board gave plaintiff her additional five years as provided by the Early Retirement Incentive Act, thus increasing the total amount of benefits actually paid.
Plaintiff claims, however, that the Act’s reference to eligibility by way of §10(1) does not incorporate the limitations set forth in §10(1). She claims that she is retiring “under" the Early Retirement Incentive Act, and not “under” G.L.c. 32, §10(1). The Act itself does not provide for some different method, route or procedure of retirement. It merely provides a bonus incentive to be added to the employee’s retirement under G.L.c. 32. Plaintiff can not escape the limitations placed on her retirement by §10(1). She is retiring under §10(1), claiming the added bonus available to her under the Early Retirement Incentive Act.
If plaintiffs analysis were correct, her retirement would involve a double bonus, contrary to the Act’s requirement that “(n]o employee shall be eligible for more than one of the incentives offered herein” and “no employee may become eligible for one incentive by virtue of the application of a different incentive.” If the limitations of §10(1) are ignored, as plaintiff requests, then she would be retiring as a Group 2 employee. Under the Act, she would then get her additional five years credited to her calculation of retirement benefits in Group 2. She would thus have both the benefits of being in Group 2 (which she would not have had but for her interpretation of the Act) and an additional five years credited to her calculation. A single incentive benefit, not such a stacking of multiple benefits, is all that the Act provides.
The State Retirement Board and CRAB did not commit any error in so interpreting and applying G.L.c. 32 in conjunction with the Early Retirement Incentive Act.
ORDER
For the foregoing reasons, the decision of the State Retirement Board is AFFIRMED and it is hereby ORDERED that judgment be entered in favor of defendant.